Cartjthers, J.,
delivered the opinion of the Court.
*363 The defendants in error brought their action of ejectment against the plaintiffs in error to recover a certain lot in the city of Memphis, and were successful. Various points are made in argument for a reversal of the judgment, all of which we consider against the plaintiffs in error. But upon examination of the record, we find an error in the proceedings, for which we have uniformly reversed. As the error does not affect the merits of the case, we regret that we are constrained to hold it sufficient ground for a new trial, under the positive mandate of the great reform statute of 1852, ch. 152, § 2, p. 218. The words are: “ The verdict shall specify the estate of the plaintiff, whether it be in fee, for life, or for years, and specifying the duration of the term.” This is a plain provision, and it is strange it is so often disregarded by the Courts. There is no room for construction or evasion: it cannot be made plainer than it is, and no one can misunderstand it. But we may entertain a hope that bringing the subject again to the notice of the profession and Courts in this form, will have the effect of saving parties from the costs incident to new trials, by producing conformity to the plain provisions of the statute in this particular.
This verdict is in these words: “ Upon their oaths do say that the defendants are guilty of the trespass and ejectment in the declaration mentioned, in manner and form as the plaintiffs have thereof above ' complained against them, and they assess the plaintiffs’ damages by reason of the premises to the sum of one cent.” This is the whole verdict, and then follows the judgment of the Court in the common form, “ that the plaintiffs recover of the defendants their term yet to come,” etc. What estate *364 have the plaintiffs in the land recovered — a fee, a life-estate, or a term of years ? This question must be answered in the verdict, or the statute is not complied with, and that is error. It may be said that the character of the estate of plaintiffs is set out in the declaration, and that the verdict has reference to that. This might be so, if it were not for the imperative command of the law that it shall be in the verdict. We will not say that, if the jury expressly found in their verdict that the estate of the plaintiff was as set forth in the declaration, it would not answer; but here there is nothing at all found as to the quantity of the estate, either in terms or by reference, but only that “ the defendants are guilty of the trespass and ejectment in the declaration mentioned,” etc. This act makes the judgment in ejectment conclusive upon the title of the parties, and ought to be strictly pursued.
Upon this ground alone the judgment must be reversed, and a new trial granted.